**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NDUBUISI CHIAKPO<br><br>        Plaintiff,<br><br>v.<br><br>IBM CORPORATION,<br><br>        Defendant. | Civil Action No. |

**NOTICE OF REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C. § 1446, Defendant IBM Corporation ("IBM" or "Defendant"), by its attorneys, hereby files this Notice of Removal.  As grounds for this removal, Defendant respectfully submits that:

1.      On or about July 13, 2020, Plaintiff Ndubuisi Chiakpo ("Plaintiff") commenced a civil action against Defendant in the Middlesex County Superior Court of the Commonwealth of Massachusetts, entitled *Ndubuisi Chiakpo v. IBM Corporation*, Civil Action No. 2081CV01636 ("State Court Action").

2.      On or about August 11, 2020, copies of the Complaint, Summons, Civil Tracking Order and Civil Action Cover Sheet in connection with the State Court Action were served upon Defendant.

3.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Defendant to date in this matter are attached hereto as <u>Exhibit A</u>.

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed with this Court within thirty (30) days of service of the Summons and Complaint in the State Court Action.

5.      No further proceedings have occurred in the State Court Action. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Middlesex County Superior Court of the Commonwealth of Massachusetts.

6.      The State Court Action is being removed to this Court on the grounds that original jurisdiction of this action is in this Court. Specifically, all of the parties are of diverse citizenship and more than $75,000 is in controversy.

## DIVERSITY JURISDICTION

7.      This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.

8.      Plaintiff is a citizen of Massachusetts. Compl. ¶ 1. Defendant is a corporation organized under the laws of New York, with a principal place of business in Armonk, New York. Compl. ¶ 2.

9.      The amount in controversy exceeds $75,000 as Plaintiff claims that Defendant discriminated against him on the basis of race, national origin and age in violation of M.G.L. c. 151B and is liable for back pay, emotional distress damages and attorneys' fees. Compl. ¶ 52-60; see also Civil Action Cover Sheet.

10.      Because United States District Courts have original jurisdiction over actions brought by diverse citizens when the amount in controversy is greater than $75,000, pursuant to 28 U.S.C. § 1332(a), removal of this case to this Court under the circumstances herein is proper.

11.      Accordingly, the State Court Action is removable to the Court under 28 U.S.C. § 1441(a)-(b).

12.     Venue is proper because the Middlesex County Superior Court of the Commonwealth of Massachusetts, the court where the State Court Action is pending, is embraced within "the district and division" of this Court.  28 U.S.C. § 1441(a).

13.     By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

14.     Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

15.     Defendant will notify the Middlesex County Superior Court and Plaintiff of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal.  A copy of that notification, which will be sent to the Middlesex County Superior Court, is attached hereto as Exhibit B.

WHEREFORE, Defendant prays that the State Court Action now pending against it in Middlesex County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,

IBM CORPORATION,

By its attorneys,

*/s/ Jamie L. Kessler*
Paul V. Kelly, BBO #267010
Jamie L. Kessler BBO #681867
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
jamie.kessler@jacksonlewis.com
paul.kelly@jacksonlewis.com

Dated:  August 31, 2020

## **CERTIFICATE OF SERVICE**

This hereby certifies that on this 31st day of August, 2020, a true and accurate copy of the above document was filed with the Court via the ECF system and served upon Plaintiff's counsel via first-class mail.


/s/ Jamie L. Kessler
Jackson Lewis P.C.


4852-8132-0393, v. 1

# EXHIBIT A

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081CV01636

Ndubisi 'Endy' Chiakpo _____, PLAINTIFF(S),

v.

IBM Corporation _____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO IBM Corporation . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Superior Court, 200 Trade Center, Woburn, MA 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 10 Kearney Road, Suite 101, Needham, MA 02494

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:

Joseph P Casey

Deputy Sheriff Suffolk County

8-11-20

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ , 20 ___ .

_____

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____ , 20 ___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____ , 20 _____        Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
                                                            , 20___
```

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Ndubuisi Chiakpo

**ADDRESS:** 12 Tidd Circle, Lexington, Massachusetts 02420

**COUNTY** Middlesex

**DEFENDANT(S):** IBM, Corporation

**ATTORNEY:** Timothy D. Rodden Jr.

**ADDRESS:** Upper Charles Law Group, LLC

10 Kearney Road, Suite 101, Needham, MA 02494

**ADDRESS:** 1 North Castle Drive, Armonk, New York 10504

**BBO:** 691228

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B22 | TYPE OF ACTION (specify)<br>Race, National Origin, and Age Discrimination | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES  [ ] NO |
|---|---|---|---|

**\*If "Other" please describe:**

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................................................. $ _____
    2. Total doctor expenses .............................................................................................. $ _____
    3. Total chiropractic expenses ..................................................................................... $ _____
    4. Total physical therapy expenses ............................................................................. $ _____
    5. Total other expenses (describe below) .................................................................... $ _____
                                Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................................ $   >250,000
C. Documented property damages to date ......................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ......................................... $ _____
E. Reasonably anticipated lost wages ............................................................................... $   >100,000
F. Other documented items of damages (describe below) .................................................... $   >100,000

  Emotional Distress Damages

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
  Loss of income and emotional distress due to wrongful termination and discriminatory treatment

                                                TOTAL (A-F): $   >450,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                TOTAL: $ _____

**Signature of Attorney/Pro Se Plaintiff: X** _(signature)_       **Date:** July 9, 2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

  MCAD Docket No.: 17BEM01603 (Probable Cause Issued)

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _(signature)_       **Date:** July 9, 2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A) | |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc, (A) | |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify (F) | |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other government entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party. UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts
## Trial Court
## Superior Court of Middlesex County

MIDDLESEX, ss.                                             Civil Action No.

| | |
|---|---|
| NDUBUISI CHIAKPO<br>    Plaintiff<br><br>v.<br><br>IBM, CORPORATION,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<b><u>COMPLAINT AND</u></b><br><b><u>REQUEST FOR JURY TRIAL</u></b>

### Parties

1. Plaintiff, Ndubuisi Chiakpo (*hereinafter*, "Plaintiff" or "Mr. Chiakpo"), is an individual residing at 12 Tidd Circle, Lexington, Middlesex County, Massachusetts 02420.

2. Defendant, IBM Corporation (*hereinafter*, "Defendant" or "IBM") is a corporation with a principal office located at 1 North Castle Drive, Armonk, New York 10504, a usual place of business located at 550 King Street, Littleton, Middlesex County, Massachusetts 01460 and a registered agent in the Commonwealth of Massachusetts of C T Corporation System, 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts 02110.

### Jurisdiction

3. Jurisdiction is proper because the damages at issue in all reasonable likelihood are greater than fifty thousand dollars.

### Venue

4. Venue is proper in this Court because the plaintiff resides in this jurisdiction; all named defendants are located in or adjacent to this jurisdiction, have a usual place of business in or

1

adjacent to, or otherwise reside in the Commonwealth of Massachusetts and because the nexus of events giving rise to this cause of action occurred in or adjacent to this venue.

## Facts

5.  Plaintiff is sixty five years old. His date of birth is December 21, 1954.

6.  Plaintiff's national origin is Nigerian and his race is black.

7.  At the time of Plaintiff's termination from Defendant, he was sixty two years old.

8.  At the time of Plaintiff's termination from Defendant, he had worked for Defendant for thirty seven years, beginning in September 1986.

9.  Plaintiff began his most recent position with Defendant as Program Director of Worldwide Security Services ("Program Director") in 2014.

10. Plaintiff's position required that he build security services opportunities and enable regional sales teams to build valuable partnerships around the world, including in Africa and Europe.

11. To achieve these goals, Plaintiff would often travel in his capacity as Program Director.

12. Plaintiff never received any discipline or complaints during his tenure with Defendant.

13. Plaintiff received performance based commission every quarter in his role as Program Director.

14. In or around January 2016, Christopher McCurdy ("McCurdy" or "Mr. McCurdy"), who is a Caucasian, American in his early forties, was assigned to be the Vice President of Worldwide Security Services and became Plaintiff's supervisor.

15. McCurdy resides in Dallas, Texas.

16. Plaintiff did not meet McCurdy in person until January 2017, despite numerous attempts to do so.

2

17. McCurdy supervised approximately ten other employees of Defendant in similar positions to Plaintiff.

18. Upon information and belief, Plaintiff was the only Black and only Nigerian person under McCurdy's supervision.

19. In 2016, McCurdy would no longer allow Plaintiff to travel in order to perform the duties required of his position.

20. During this time, McCurdy allowed Plaintiff's similarly situated coworkers travel to perform the duties of their position.

21. In June 2016, Plaintiff requested that McCurdy allow him to travel and explore additional business opportunities to take advantage of with his position.

22. In or around September or October 2016, Plaintiff learned of a new assignment in Dubai.

23. Plaintiff requested that McCurdy allow him to work on the assignment in Dubai.

24. McCurdy originally stated that Plaintiff was not qualified for the assignment.

25. After receiving Plaintiff's Curriculum Vitae ("CV"), McCurdy stated that Plaintiff could interview for the assignment.

26. After interviewing for the assignment, Plaintiff was told that Defendant would make its decision in the first quarter of 2017.

27. In or around the fall or winter of 2016, McCurdy gave some of Plaintiff's assignments to a White, American employee of Defendant who was in his thirties and was at a lower level than Plaintiff.

28. In or around December 2016, Plaintiff submitted a list of his accomplishments as Program Director in 2016 prior to leaving for vacation.

3

29. This list was to be used in Plaintiff's yearly performance evaluation, which was to be held in early 2017.

30. In or around December 2016, Plaintiff participated in an internal conference call regarding a deal he was driving with a major European telecommunications company.

31. In or around January 2017, there was a meeting scheduled in Paris, France involving the major European telecommunications company and Defendant to discuss the deal.

32. Despite Plaintiff's extensive prior work on the matter, he was not assigned to the Paris meeting.

33. Instead, McCurdy sent another employee of Defendant, who was White, American, in his forties, and had the same job title as Plaintiff in Plaintiff's place.

34. In or around December 2016, Plaintiff requested that McCurdy formally evaluate his work performance.

35. McCurdy never evaluated Plaintiff's work performance as requested.

36. In or around January 2017, Plaintiff met McCurdy in person for the first time at Defendant's yearly kickoff meeting.

37. Plaintiff again requested to be assigned more work.

38. McCurdy assured Plaintiff that he would be assigned to play a larger role in business opportunities in North America.

39. In or around February 2017, Plaintiff talked to McCurdy's secretary and attempted to schedule a meeting with McCurdy to discuss why he had not received his commission for the fourth quarter of 2016, despite his good performance.

40. McCurdy indicated that he believed Plaintiff's performance in the fourth quarter of 2016 was poor, until Plaintiff brought to his attention Plaintiff's accomplishments for 2016.

4

41. Then, in May 2017, Plaintiff received only part of the commission he had originally anticipated.

42. On or about March 28, 2017, Plaintiff had a phone call with McCurdy and McCurdy informed him he was to be terminated effective at the end of April 2017.

43. When informing Plaintiff of his termination, McCurdy said something to the effect of that Plaintiff should have vested by now and that he should take his retirement and move on.

44. Plaintiff then inquired into the reasons for his termination.

45. When Plaintiff inquired into the reasons for his termination, McCurdy stated that Plaintiff received a score of "5" on his evaluation.

46. This form of evaluation was unfamiliar to prior performance evaluations, which had been based on a 1/2+/2/3 scale.

47. The normal practice at Defendant was for employees to receive two negative performance evaluations prior to termination.

48. Prior to March 2017, Plaintiff had not received a negative evaluation during his thirty seven years with Defendant.

49. Plaintiff never received a physical copy of his termination letter.

50. The only termination letter Plaintiff received was via email and it was formatted so he could not print, forward, or copy it.

51. Plaintiff tried to use Defendant's formal escalation process with upper management and human resources to protest his disagreement with the reason for his termination, but he received no response.

## Count I
### Violation of M.G.L. Chapter 151B:
### Race Discrimination

52. Mr. Chiakpo restates and incorporates Paragraphs 1- 51 as fully set forth herein.

53. By the acts enumerated herein, IBM discriminated against Mr. Chiakpo in violation of Chapter 151B.

54. As a result of their violation of Chapter 151B, Mr. Chiakpo has suffered damages in the form of lost wages, emotional harm, costs and attorney's fees, plus interest.

## Count II
### Violation of M.G.L. Chapter 151B:
### National Origin Discrimination

55. Mr. Chiakpo restates and incorporates Paragraphs 1- 54 as fully set forth herein.

56. By the acts enumerated herein, IBM discriminated against Mr. Chiakpo in violation of Chapter 151B.

57. As a result of their violation of Chapter 151B, Mr. Chiakpo has suffered damages in the form of lost wages, emotional harm, costs and attorney's fees, plus interest.

## Count I
### Violation of M.G.L. Chapter 151B:
### Age Discrimination

58. Mr. Chiakpo restates and incorporates Paragraphs 1- 57 as fully set forth herein.

59. By the acts enumerated herein, IBM discriminated against Mr. Chiakpo in violation of Chapter 151B.

60. As a result of their violation of Chapter 151B, Mr. Chiakpo has suffered damages in the form of lost wages, emotional harm, costs and attorney's fees, plus interest.

WHEREFORE, Ndubuisi Chiakpo hereby requests that request that this Honorable Court enter a judgment which awards him the following relief:

1. Pursuant to Counts I-III, that judgment enter for Ndubuisi Chiakpo, in an amount to be determined at Trial, plus costs, interest and attorney's fees as allowed by law;

2. Such other and further relief as the Court deems just and proper.

## MR. CHIAKPO DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE

NDUBUISI CHIAKPO
BY HIS ATTORNEY,

Timothy D. Rodden Jr. (BBO#: 691228)
Upper Charles Law Group, LLC
10 Kearney Road, Suite 101
Needham, MA 02494
T: 617-600-7170
F: 781-444-2461
trodden@uclawgroup.com

7

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2081CV01636 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|
| **CASE NAME:** Chiakpo, Ndubuisi vs. IBM, Corporation | | Michael A. Sullivan, Clerk of Court Middlesex County |
| **TO:** Timothy Daniel Rodden, Jr., Esq. Upper Charles Law Group 10 Kearney Rd Suite 101 Needham, MA 02494 | | **COURT NAME & ADDRESS** Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                         DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/13/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/12/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/12/2020 | 12/14/2020 | 01/11/2021 |
| All motions under MRCP 15 | 11/12/2020 | 12/14/2020 | 01/11/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 05/11/2021 | | |
| All motions under MRCP 56 | 06/10/2021 | 07/12/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/08/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/15/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 07/15/2020 | ASSISTANT CLERK Dia S Roberts-Tyler | PHONE (781)939-2745 |
|---|---|---|

Date/Time Printed: 07-15-2020 12:09:32

SCV026\ 08/2018

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                   SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 2081CV01636

---

NDUBUISI CHIAKPO,

                Plaintiff,

v.

IBM, CORPORATION,

                Defendant.

---

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To:    Middlesex County Superior Court
        200 Trade Center
        Woburn, MA 01801

        PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Middlesex

County Superior Court has been duly filed in the United States District Court for the District of

Massachusetts.  Attached hereto is a copy of that Notice of Removal.

Respectfully submitted,

IBM CORPORATION,

By its attorneys,

*/s/ Jamie L. Kessler*
Paul V. Kelly, BBO #267010
Jamie L. Kessler BBO #681867
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
jamie.kessler@jacksonlewis.com
paul.kelly@jacksonlewis.com

Dated:  August 31, 2020

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on August 31, 2020, a copy of the foregoing document was served upon Plaintiff's attorney via first-class mail, postage prepaid.


/s/ Jamie L. Kessler
Jackson Lewis P.C.

4848-8774-1129, v. 1