UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NDUBUISI CHIAKPO

    Plaintiff,

v.

IBM CORPORATION,

    Defendant.

Civil Action No. 20-cv-11624-DJC

## DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant International Business Machines Corporation ("IBM" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint and Request for Jury Trial filed by Ndubuisi Chiakpo ("Plaintiff") as follows:

### Parties

1. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 1 regarding Plaintiff's current residency.

2. IBM admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### Jurisdiction

3. Paragraph 3 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, IBM denies that Plaintiff is entitled to any recovery.

### Venue

4. Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, IBM denies the allegations.

**Facts**

5.   IBM admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.   IBM admits that Plaintiff identifies his race as black but lacks sufficient knowledge or information at this time to admit or deny the truth of the remaining allegations in Paragraph 6.

7.   IBM admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.   IBM admits that Plaintiff began working for IBM beginning in September 1986 but denies that as of the date of Plaintiff's termination, he had been employed for thirty-seven years.

9.   IBM admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.  IBM denies that Plaintiff's position only required that he build security services opportunities and enable regional sales teams to build valuable partnerships around the world. Further responding, IBM states that Plaintiff was responsible for identifying, pursuing and closing potential contracts with resellers and then generating sales revenue.

11.  IBM admits that Plaintiff at times traveled but denies that it was required in order to perform his job duties.

12.  IBM admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.  IBM admits that Plaintiff was eligible for commission each quarter based on certain metrics set out in the Incentive Plan Letter and performance plan documents but denies any remaining allegations contained in Paragraph 13.

14.  IBM admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.  IBM admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.  IBM denied the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. IBM admits that Mr. McCurdy supervised other individuals in similar positions to Plaintiff on the Worldwide Security Services team beginning in January 2016 and denies the remaining allegations contained in Paragraph 17.

18. IBM denies that Plaintiff was the only individual under Mr. McCurdy's supervision that identified as black but lacks sufficient knowledge or information at this time to admit or deny the truth of the remaining allegations in Paragraph 18.

19. IBM denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. IBM denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. IBM denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 22 regarding when Plaintiff learned of a position in Dubai.

23. IBM admits that Plaintiff expressed an interest in the position in Dubai to Mr. McCurdy and denies any remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24. IBM denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. IBM denies the allegations as stated in Paragraph 25.  IBM denies that Mr. McCurdy was responsible for determining who could interview for the position in Dubai but admits that Plaintiff provided Mr. McCurdy his CV so Mr. McCurdy could forward it to the hiring manager for the position in Dubai, which Mr. McCurdy did.

26. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 26.

27. IBM denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 28.

29. IBM admits that annual performance reviews were usually conducted early in the year but lack sufficient knowledge or information at this time to admit or deny the truth of the remaining allegations in Paragraph 29.

30. IBM denies the allegations as stated in Paragraph 30.  IBM admits that Plaintiff participated in a call regarding a European client but denies that he was "driving the deal."

31. IBM admits the allegations in Paragraph 31 of Plaintiff's Complaint.

32. IBM admits that Plaintiff did not attend the meeting in Paris but denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33. IBM admits that the employee who attended the Paris meeting identified as Caucasian, American and was in his forties, but otherwise denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. IBM denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. IBM denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. IBM denied the allegations in Paragraph 36 of Plaintiff's Complaint.

37. IBM denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. IBM denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 39.

40. IBM admits that Mr. McCurdy believed Plaintiff's performance in the fourth quarter of 2016 was poor because his performance did not meet required targets and denies the remaining allegations in Paragraph 40.

41. IBM admits the allegations in Paragraph 41 of Plaintiff's Complaint.

42. IBM admits the allegations in Paragraph 42 of Plaintiff's Complaint.

43. IBM denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. IBM admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45. IBM denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46. IBM denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. IBM denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. IBM denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. IBM denied the allegations in Paragraph 49 of Plaintiff's Complaint.

50. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 50.

51. IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegations in Paragraph 51.

### Count I
### Violation of M.G.L. Chapter 151B:
### Race Discrimination

52. IBM reasserts and incorporates its answers to Paragraphs 1 through 51 of Plaintiff's Complaint as though fully restated herein.

53. IBM denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. IBM denies the allegations in Paragraph 54 of Plaintiff's Complaint.

### Count II
### Violation of M.G.L. Chapter 151B:
### National Origin Discrimination

55. IBM reasserts and incorporates its answers to Paragraphs 1 through 54 of Plaintiff's Complaint as though fully restated herein.

56. IBM denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. IBM denies the allegations in Paragraph 57 of Plaintiff's Complaint.

### Count III
### Violation of M.G.L. Chapter 151B:
### Age Discrimination

58. IBM reasserts and incorporates its answers to Paragraphs 1 through 57 of Plaintiff's Complaint as though fully restated herein.

59. IBM denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60. IBM denies the allegations in Paragraph 60 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

IBM denies that Plaintiff is entitled to any relief sought in his Prayer for Relief or to any relief whatsoever.

### JURY DEMAND

IBM admits Plaintiff demands a trial by jury but denies Plaintiff is entitled to any remedy or relief in this action.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the failure to exhaust the administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to prevent or mitigate the damages sustained, if any, as a result of Defendant's alleged conduct.

## SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendant made good faith efforts to comply with its obligations under the applicable state and federal employment discrimination and civil rights statutes.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right, in the future, to assert additional affirmative defenses based upon discovery conducted in this action.

**WHEREFORE**, having fully answered the Complaint, IBM respectfully requests:

1. Plaintiff have and recover nothing of IBM by way of this action;

2. Judgment be entered in favor of IBM for all costs and attorneys' fees incurred in the defense of this action; and

3. IBM have and recover such other and further relief as this Court may deem just and proper.

>Respectfully submitted,
>
>IBM CORPORATION,
>
>By its attorneys,
>
>*/s/ Jamie L. Kessler*
>Paul V. Kelly, BBO #267010
>Jamie L. Kessler BBO #681867
>Jackson Lewis P.C.
>75 Park Plaza – 4th Floor
>Boston, MA 02116
>(617) 367-0025
>Paul.Kelly@jacksonlewis.com
>jamie.kessler@jacksonlewis.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 28, 2020.

>/s/ Jamie L. Kessler
>Jackson Lewis P.C.

4840-6261-3196, v. 1


>Respectfully submitted,
>
>IBM CORPORATION,
>
>By its attorneys,
>
>*/s/ Jamie L. Kessler*
>Paul V. Kelly, BBO #267010
>Jamie L. Kessler BBO #681867
>Jackson Lewis P.C.
>75 Park Plaza – 4th Floor
>Boston, MA 02116
>(617) 367-0025
>Paul.Kelly@jacksonlewis.com
>jamie.kessler@jacksonlewis.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 28, 2020.

>/s/ Jamie L. Kessler
>Jackson Lewis P.C.

4840-6261-3196, v. 1